R. M. WOLCOTT, APPELLEE, v. STATE FARMERS MUTUAL INSURANCE COMPANY, APPELLANT.*

FILED DECEMBER 7, 1906. No. 14,466.

1. Mutual Insurance Companies: ASSESSMENTS. Mutual fire insurance companies cannot make assessments upon their members, as provided in section 12, ch. 33, laws 1891, until loss has first occurred, unless such assessments are authorized by a two-thirds vote of their directors.

---

* Rehearing denied. See opinion, p. 746, post.

2. ———: ———. When it is sought to avoid a policy of insurance for the nonpayment of an assessment, not made for the payment of a loss, the records of the company are insufficient to establish the validity of such assessment, unless it affirmatively appears therefrom that the statute has been complied with.

APPEAL from the district court for Merrick county: JAMES G. REEDER, JUDGE. *Affirmed.*

*E. R. Leigh* and *J. E. Dorsheimer,* for appellant.

*Martin & Ayres, contra.*

JACKSON, C.

The defendant is a mutual insurance company organized under the law of Nebraska. One February 21, 1902, the plaintiff made written application to the defendant for a fire insurance policy covering a hay barn and its contents. The application contained this printed memorandum: "I hereby agree to be governed by the articles of incorporation, by-laws, and rules now in force or that shall hereafter be adopted by said company." On March 4 following defendant issued its policy, one of the conditions of which is: "It is agreed and understood that this policy or certificate of membership is issued and remains in force on the condition that said applicant complies with the by-laws, rules and regulations that are now in force or that may hereafter be adopted, and are made a part of this certificate." On the back of the policy is printed what purported to be a copy of the by-laws of the company. The only provision for assessments in the by-laws as they appear on the policy is: "In case of an assessment each member assessed shall be notified by letter post paid, by the secretary, to the address named in his application, and if the insured shall refuse or neglect to pay such assessment within thirty days after mailing the notice as above specified, then this company shall not be liable in case of loss under his certificate until such payment is made; if the loss is approved by the board and

such loss exceeds in amount the cash fund on hand of the company, the secretary shall assess all who are members at the date of said loss, and prorate according to the amount of insurance." On August 28, 1904, plaintiff sustained a loss of the barn covered by the policy and its contents, due notice of which was given to the defendant, resulting in a refusal to pay the loss. Suit was instituted in the district court, where the judgment was favorable to the plaintiff, and the defendant appeals.

The defense was grounded on the claim of a suspension of the policy by reason of the nonpayment of an assessment. At the trial the defendant offered to prove that its by-laws had been amended on April 3, 1901, to provide that assessments should be made by order of the board of directors and prorated according to the time the insurance had been in force, and at the same meeting a resolution was adopted requiring members to pay an assessment of 10 cents a month on each $1,000 for combined insurance, and 5 cents a month on single, on memberships that had been in force over two years. About June 20, 1904, the plaintiff received from the defendant the following notice: "State Farmers Mutual Insurance Company, South Omaha, Nebraska, June 17, 1904. R. M. Wolcott, Archer. Dear Sir: You are hereby notified that the assessment against your policy No. 7207, in force 24 months, is $3.75, on combined. Total $3.75. Which amount please remit by money order or draft payable to the State Farmers Mutual Ins. Co., South Omaha, Neb. If by personal check, add 10 cents for exchange. Return this notice with remittance. Your policy will lapse in 60 days from the date of this notice unless assessment is paid. March assessment. B. R. Stauffer, Secretary." It is admitted that this assessment was not paid at the time of the loss, more than 60 days after the receipt of the notice.

By section 12, ch. 33, laws 1891, it is provided with reference to mutual insurance companies: "Whenever the amount of any loss shall have been ascertained, which exceeds in amount the cash funds of the company, the sec-

retary shall make an assessment upon all of the property insured by the company; Provided, that any company may provide in its by-laws for making assessments at stated intervals only, and may also provide that assessments shall be made by the board of directors." Section 13 is: "It shall be the duty of the secretary, whenever such assess-ment shall have been made, to immediately notify every person composing such company, personally, or by a letter sent to his usual post office address, of the amount of such loss, and the sum due from him as his share thereof, and of the time and to whom such payment is to be made; but such time shall not be less than twenty (20) nor more than forty (40) days from the date of such notice." By section 19 it is provided: "Such mutual insurance com-panies shall never make assessments upon their members, as provided in section twelve (12) of this act, until loss has first occurred, unless the directors by a two-thirds (2-3) vote order an assessment. They shall never make any dividends."

It will thus be seen that there are two methods allowed by statute for making assessments in mutual insurance companies: First, where a loss has actually occurred and the cash on hand is insufficient to make payment thereof; and, second, by a two-thirds vote of the board of directors after being duly authorized by the by-laws. The record contains no proof, or offer of proof, to show that an as-sessment was necessary to pay the losses of the company, so that the assessment and failure to pay the same consti-tute no defense to the plaintiff's action, unless it can be sustained under that provision of the statute authorizing assessments by a two-thirds vote of the directors. It is evident that the minutes of the meeting of the board of directors, by which the defendant offered to prove the assessment, were insufficient for that pur-pose. An assessment, in the absence of loss could only be made by a two-thirds vote of the board of directors. It does not appear in the record, or in any proof tendered, how many members constituted the board

of directors, nor does it appear how many voted for the assessment and how many against it. There is a memorandum in the minutes that the motion to adopt the plan of assessment was carried, but it is not disclosed in the record that the minutes were approved by the board of directors. While, ordinarily, in an action between a corporation and one of its members the records kept by a proper officer are admissible in evidence, yet, where, as in this case, it is sought by the record alone to avoid a contract, we think the record should show affirmatively that the statute has been complied with.

The errors, if any, in excluding the evidence offered were without prejudice, and we recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed May 10, 1907. *Rehearing denied:*

1. **Mutual Insurance Companies:** ASSESSMENTS. A by-law which provides "that assessments shall be made by order of the directors, and shall be prorated according to the time the insurance has been in force," is not authority for making assessments at stated intervals.

2. ———: ———. An assessment levied by such company must be against the entire membership, and if levied against a part only is invalid.

3. **By-Law:** VALIDITY. The authority of the board of directors to adopt a by-law authorizing themselves to levy assessments, questioned.

ALBERT, C.

The facts in this case are set forth at some length in our former opinion, *ante*, p. 742. From an examination of that opinion it will be seen that the vital question

between the parties is whether the assessment there referred to was authorized and valid. If it was, the plaintiff was in default when the loss occurred, and the defendant is not liable on the policy. The reargument leaves some doubt in our minds whether the fact that the minutes of the defendant company failed to show affirmatively that the assessment in question was authorized by a two-thirds vote of the directors would justify their exclusion, when offered in evidence for the purpose of showing that the assessment had been made. For that reason, and since their exclusion may be justified on other grounds, it is thought best to leave that question open.

As shown in the former opinion, the defendant company exists under and by virtue of chapter 33, laws 1891. The authority to levy assessments is restricted, and the manner of its exercise prescribed by section 12 of that act, which is as follows: "Whenever the amount of any loss shall have been ascertained, which exceeds in amount the cash funds of the company, the secretary shall make an assessment upon all the property insured by the company. Provided, that any company may provide in its by-laws for making assessments at stated intervals only, and may also provide that assessments shall be made by the board of directors." An analysis of this section shows that there are two agencies of the company by which assessments may be made: (1) The secretary, under the general authority conferred upon him by the statute; (2) the board of directors, when authorized by by-law. It also shows that, as a prerequisite to a valid assessment, there must be either an actual loss, for the payment of which the assessment is required, or a by-law authorizing assessments at stated intervals. The assessment in question was not made by the secretary, nor was it made for the payment of a loss which had actually occurred. Consequently it was incumbent upon the defendant to show: (1) A by-law authorizing the board of directors to make assessments; and (2) a by-law authorizing assessments to be made at stated intervals. In order to do this the defendant

offered in evidence the minutes of a meeting of the board
of directors held on the 8th day of January, 1901, showing
that the following amendment to the by-laws had been
proposed: "That assessments shall be made by order of the
directors and shall be prorated according to the time the
insurance has been in force." It also offered in evidence
the minutes of a meeting of the board of directors held
the following April, showing the adoption of the proposed
amendment to the by-laws. The minutes in each instance
were excluded, and, we think, properly. The most that
can be claimed for the amendment is that it authorizes
assessments to be made by the board of directors instead
of the secretary. It contains no hint that assessments
shall be made at stated intervals, or at any time other than
when required to meet a loss which has actually occurred.
Besides, the assessment in question, which it is claimed
was levied under this amendment, was levied only against
those who had been members of the association more than
two years. The entire act contemplates that assessments
shall be levied upon the entire membership, and even if
it were possible to change this feature of the act by a
by-law of the company, the one offered in evidence con-
tains nothing to indicate that any such change was in-
tended. Besides, the power of the board of directors to
adopt a by-law conferring authority upon themselves to
make assessments may well be doubted. There is cer-
tainly some ground for the belief that the legislature in-
tended to confer no such power on the directors, but to
leave it in the hands of the membership at large. But
upon that point we express no opinion. The evidence was
properly excluded, and, as this left the defendant with-
out any proof that the assessment in question was au-
thorized or legal, the court properly directed a verdict in
favor of the plaintiff.

It is recommended that the motion for rehearing be
overruled.

DUFFIE and JACKSON, CC., concur.

By the Court: Motion for rehearing

OVERRULED.